**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Saber Y. ALATTARI, Defendant–Appellant.**

**No. 00–5275.**

United States Court of Appeals, Sixth Circuit.

March 23, 2001.

Before NORRIS and DAUGHTREY, Circuit Judges; ZATKOFF, District Judge.*

*ORDER*

Saber Y. Alattari pleaded guilty to aiding and abetting the interstate transportation of stolen cigarettes, a violation of 18 U.S.C. §§ 2 and 2314. He was initially sentenced to four months of imprisonment and three years of supervised release. The district court amended this judgment on February 17, 2000, and ordered Alattari to pay $51,876.36 in restitution. It is from this amended judgment that he now appeals. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Alattari first argues that the district court erred by requiring him to pay restitution for all of the cigarettes that were stolen. This argument is unpersuasive because Alattari pleaded guilty to being an aider and abettor to the offense. Moreover, the undisputed description of the offense in the presentence report indi-

---

* The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation.

cates that he participated in the theft and transportation of all of the cigarettes. *See United States v. Adeniji,* 221 F.3d 1020, 1029 (7th Cir.), *cert. denied,* 531 U.S. 1023, 121 S.Ct. 593, 148 L.Ed.2d 507 (2000).

Alattari also argues that he is unable to pay the full amount of restitution. This argument lacks merit in light of the Mandatory Victims Restitution Act ("MVRA"), which applies to Alattari's offense. In pertinent part, the MVRA provides that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).

Accordingly, the district court's judgment is affirmed.